In the Matter of the Judicial Settlement of the Account of Proceedings of CHARLES F. LACKMANN, as Surviving Executor, etc., of J. LEONARD LACKMANN, Deceased. ALICE M. STEINBACH, Petitioner, Appellant; CHARLES F. LACKMANN, Executor, Respondent.— Appeal from a decree finally settling the accounts of an executor. The account and decree are summary and approximate. True it is that extraneous facts disclosed during the hearings, and upon the argument, indicate that substantial justice has been done. The facts proven, however, must be amplified. Proof should be made as to the value of partnership assets at the widow's death; as to the amounts owing decedent, if any, for rent or otherwise, other than partnership credits at the time of his death; the amount of unpaid rentals from real estate for the period during which the widow survived decedent. The court deems such facts necessary to permit a settlement between the appellant, who is the residuary legatee of J. Leonard Lackmann, deceased, and also the executrix of his widow, and the respondent, the executor of J. Leonard Lackmann's will. For the taking and reporting of his evidence we appoint as a referee Hon. Harold J. Hinman, official referee. The date of the first hearing shall not be later than April 10, 1939. Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Bliss, J.: I concur in the decision in so far as it directs a reference to take further proof of the accounts of the surviving executor but I dissent in so far as it directs proof to be taken of the accounts of the surviving partner and conduct of the partnership after the death of J. Leonard Lackmann upon the ground that the Surrogate's Court lacks jurisdiction to pass upon or settle the partnership affairs.

JOSEPH WANDER, INC., Respondent, v. BECKER BUILDING, INC., Appellant.— Appeal from a judgment for services rendered by a realtor in connection with the leasing of a building. The attorney and trial counsel for the plaintiff was sworn as a witness on a controversial question of fact. The evidence as to conversation in connection with an attempted compromise was inadmissible. Judgment and order reversed, on the law and facts, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.